[Civ. No. 8792.   First Appellate District, Division One.—May 1, 1933.]

TOSHI TAKETA, Respondent, v. POLICY HOLDERS LIFE INSURANCE ASSOCIATION (a Corporation), Appellant.

Hugh Martin Young, Charles D. Warner and Thomas W. Hughes for Appellant.

Edward M. Fellows for Respondent.

GRAY, J., *pro tem.*—A mutual life insurance association appeals, upon the judgment-roll, from the court's judgment, awarding to the beneficiary two sums of $1500 each, specified in two policies, issued upon the life of his mother. The insurer's obligation and the beneficiary's right are fixed by the following portion of the policy, which is attached to the complaint: "The Association hereby agrees to pay to ........ the beneficiary ........ Fifteen Hundred Dollars ........ following the receipt of due proof of the death of the member ........ conditioned, however, that there be a sufficient number in good standing, of members in the Association at the time of the death of said member, to pay said sum upon said death assessment when collected in full, would produce at least the full sum of Fifteen Hundred Dollars. ........ should there not be a sufficient number of members in good standing at such date to produce the full sum herein specified, then the amount payable hereunder shall be the amount collected upon said death assessment, not to exceed, in any event the amount of Fifteen Hundred Dollars. ........ should more than the amount necessary to pay a claim be collected from an assessment, the excess above the amount required to pay the death claim for which the assessment was made, shall remain in the Benefit Fund and there accumulate to be used in the payment of further or other death claims for which no assessment shall be made." Appellant contends that, as this pro-

vision obligated the insurer not to pay an absolute sum but only the proceeds of an assessment, a money judgment, instead of an equitable decree to compel the levy and collection of an assessment, is erroneous.

██ The insurer's liability depends upon the wording of its contract. Some contracts obligate the insurer to levy and collect an assessment and pay the proceeds, within a limited amount, to the beneficiary. Under such contracts a judgment for the specified amount is erroneous, as the beneficiary, by the contract, is limited to an equitable action to compel the levy and collection of an assessment. Other contracts obligate the insurer absolutely to pay, but measure the amount, within a specified limit, by the number of members or assessments collected. A money judgment may be obtained under the latter form of contracts. The cases as to the two forms of contracts may be found in 37 C. J. 412 and 45 C. J. 232. ██ If the present contract is, as appellant claims, of the first class, the judgment is erroneous, but if of the second class, as respondent argues, the judgment is correct. In the first clause the insurer agrees to pay a definite sum. The amount, not payment, is then conditioned upon the existence of a sufficient number of members to pay the assessment and not that a sufficient amount be collected from an assessment. The beneficiary is not required to look to any special fund created by an assessment. Indeed, the last sentence shows that the parties contemplated that a surplus might arise from an assessment, which would obviate an assessment to pay a subsequent claim. Other parts of the policy obligated a member to pay semi-annual dues of $2.50, which were to be placed in the benefit fund for use only in payment of death claims and allowed assessments only when such fund was insufficient to pay claims. The wording of the present contract is analogous to those of the second class and therefore falls within that group.

██ Appellant also claims that the burden of proving the existence of the requisite number of members at the time of death rested upon respondent and that he failed to meet such burden. Since evidence as to this issue was peculiarly within appellant's knowledge, the lack of the requisite number of members was a matter of defense, the burden of proving which rested upon appellant. (*Wood* v.

*Farmers' Life Assn.*, 121 Iowa, 44 [95 N. W. 226].) However, the complaint alleged that there was a sufficient number of members, which the answer, by failure to deny, admitted.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 29, 1933.